# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

IRA JEROME ROSS,     *

Plaintiff     *

v.     *     Civil Action No. CCB-19-537

SOCIAL SECURITY ADMINISTRATION, *
OFFICE OF DISABILTY ADJUDICATION
    AND REVIEW     *

Defendants     *

## **MEMORANDUM OPINION**

Self-represented Plaintiff Ira Jerome Ross, an inmate currently confined at the Allen Correctional Center in Kinder, Louisiana filed the above-captioned complaint, invoking this court's jurisdiction pursuant to 18 U.S.C. § 242, which proscribes the deprivation of rights under color of law. ECF No. 1, p. 1. Ross seeks to file a criminal complaint against: (1) the Social Security Administration located in Baltimore, Maryland; (2) the United States Social Security Administration located in Shreveport, Louisiana; and (3) the Office of Disability Adjudication and Review located in Shreveport, Louisiana. *Id.* Ross alleges that the defendants violated his rights to due process and equal protection when they failed to respond to his correspondence and failed to provide him an application and information regarding government benefits. *Id.* at p. 3. Ross explains that he sought to apply for social security benefits before his release from incarceration so that his benefits would be approved and available to him upon his release. *Id.* at pp. 4–5. He

asks that the Court arrest unidentified employees of the Social Security Administration for violating 18 U.S.C. § 242. *Id.* at p. 2.

The Complaint is not accompanied by a Motion for Leave to Proceed in Forma Pauperis or the full filing fee. In light of Ross's incarcerated status, he shall be granted leave to proceed in forma pauperis.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "(1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)–(b)(2). In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989).

18 U.S.C. § 242, the statute under which Ross seeks relief, does not provide a private right of action. *See, e.g., Warren v. City of Greensboro*, 280 F. Supp. 3d 780, 786 (M.D.N.C. 2017), *aff'd sub nom. Warren v. Tolbert*, 717 F. App'x 281 (4th Cir. 2018); *Rockefeller v. U.S. Court of Appeals Office, for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003); *Purk v. U.S.*, 747 F. Supp. 1243, 1248 (S.D. Ohio 1989); *Dugar v. Coughlin*, 613 F. Supp. 849, 852 (S.D.N.Y. 1985).

Moreover, Ross's entire complaint is centered on his desire to prosecute employees of the Social Security Administration. He has no legally protected interest in the prosecution of others. As the Supreme Court said in *Linda R.S. v. Richard D.*, , "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." 410 U.S. 614, 619 (1973); *see also Banks v. Buchanan*, 336 Fed. App'x 122, 123 (3rd Cir. 2009); *Sargeant v. Dixon*, 130 F.3d 1067, 1069 (D.C. Cir. 1997). Accordingly, Ross's complaint must be dismissed for failure to

state a claim upon which relief may be granted. A separate order dismissing the complaint follows.

9/11/19
Date

CCB
Catherine C. Blake
United States District Judge